PEOPLE v SWAYNE

Docket No. 73833. Submitted October 11, 1984, at Lansing.—Decided November 20, 1984. Leave to appeal denied, 422 Mich —.

Richard W. Swayne, Jr., waived preliminary examination and was bound over for trial in Oakland Circuit Court on three counts of breaking and entering an occupied dwelling with intent to commit larceny. Arraignment was set for March 23, 1983. On March 9, 1983, Swayne filed a "Record of Arraignment on Information and General Appearance", by which Swayne waived formal arraignment in circuit court and stated that the form would serve as the record of arraignment in circuit court. Defendant then stood mute and a plea of not guilty was entered for him. The form that Swayne filed was time-stamped March 9, 1983, and March 14, 1983, and served on the prosecutor's office. Arraignment was not held as scheduled on March 23, 1983, but the arraignment by mail was noted. On March 25, 1983, the prosecutor's office filed an information charging Swayne with three counts of breaking and entering an occupied dwelling with intent to commit larceny. On April 5, 1983, the prosecutor's office filed a supplemental information charging Swayne with being an habitual offender. Swayne was arraigned on the habitual offender charge on April 6, 1983. On April 14, 1983, Swayne moved to dismiss the habitual offender information on the ground that it was not filed within 14 days of his waiver of arraignment on the breaking and entering charges. The court, Robert C. Anderson, J., granted the motion and dismissed the habitual offender information. A motion by the prosecutor for reconsideration was denied. The people appeal by leave granted. *Held:*

1. In order for a defendant to waive arraignment, the information against him must necessarily be completed by the

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 20.
41 Am Jur 2d, Indictments and Informations § 13.

[1, 2, 5] 21 Am Jur 2d, Criminal Law § 438.

[2, 5] 41 Am Jur 2d, Indictments and Informations § 27.

[3] 20 Am Jur 2d, Courts § 86.

[4] 73 Am Jur 2d, Statutes §§ 194, 195.

prosecutor, after which the defendant must read it or have it read or explained to him so that he understands the substance of the charge. In the instant case, the waiver of arraignment could not become effective until March 25, 1983, the date the breaking and entering information was filed. The supplemental information was filed, properly, within 14 days thereafter. The trial court erred in granting Swayne's motion to dismiss the habitual offender information.

2. Because Swayne pled guilty to the principal charges after the motion to dismiss the habitual offender information had been granted, defendant is allowed 60 days from the date of release of the Court of Appeals opinion within which to move to withdraw his pleas of guilty, which motion shall be granted. If defendant does not choose to do so, or fails to do so within the allotted time, the case is remanded for proceedings on the supplemental information.

Reversed and remanded.

1. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFOR-
MATIONS — TIMELINESS.

A supplemental information is filed promptly if it is filed not more than 14 days after the defendant is arraigned or has waived arraignment in circuit court on the information charging the underlying felony or before trial if the defendant is tried within the 14-day period.

2. CRIMINAL LAW — ARRAIGNMENT — WAIVER — COURT RULES.

Waiver of arraignment must be by written statement signed by the defendant and his lawyer acknowledging that the defendant has received a copy of the information (GCR 1963, 785.5[2]).

3. COURT RULES — JUDICIAL CONSTRUCTION.

Principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure.

4. STATUTES — JUDICIAL CONSTRUCTION.

Interpretation and construction of the terms of a statute are unnecessary where the statute is unambiguous on its face.

5. CRIMINAL LAW — ARRAIGNMENT — WAIVER — COURT RULES.

An information must necessarily be completed by the prosecutor and read by the defendant so that he may truthfully acknowledge receipt of a copy of the information before he can waive arraignment (GCR 1963, 785.5[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*James O. Flynn, P.C.* (by *Douglas P. Kolly*), for defendant on appeal.

Before: DANHOF, C.J., and GRIBBS and R. M. SHUSTER,* JJ.

PER CURIAM. Defendant was charged with three counts of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. The prosecutor subsequently filed a supplemental information charging defendant as an habitual offender. On April 27, 1983, the lower court granted defendant's motion to dismiss the supplemental information for reasons hereinafter discussed. Defendant thereafter pled guilty to the three counts of breaking and entering and was sentenced to 7 to 15 years' imprisonment. Pursuant to MCL 770.12; MSA 28.1109, the prosecutor appeals the dismissal of the habitual offender information by leave granted. We reverse.

On March 7, 1983, defendant waived preliminary examination and was bound over for trial in circuit court on charges of breaking and entering. Arraignment was set for March 23, 1983. On March 9, 1983, defendant filed a "Record of Arraignment on Information and General Appearance", which waived formal arraignment in circuit court and stated that such would "serve as the record of arraignment in circuit court".

Defendant stood mute and a plea of not guilty was entered for him. This form was time-stamped

---

* Circuit judge, sitting on the Court of Appeals by assignment.

both March 9, 1983, and March 14, 1983, and served upon the prosecutor's office.

On March 23, 1983, the date scheduled for arraignment, the defendant apparently appeared in court without benefit of counsel. Arraignment was not held, but, rather, the "arraignment by mail" was noted. On March 25, 1983, an information was filed, charging defendant with breaking and entering an occupied dwelling. On April 5, 1983, the habitual offender information was filed. Defendant was arraigned on that information on April 6, 1983.

On April 14, 1983, defendant moved to dismiss the habitual offender information for the reason that it was not filed within 14 days of defendant's waiver of arraignment as required by *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982). On April 27, 1983, the trial court granted defendant's motion, and on June 9, 1983, the prosecutor's motion for reconsideration was denied. The trial court ruled that the filing of the "record of arraignment" form (either on March 9 or 14) commenced the running of the 14-day *Shelton* period for the filing of a supplemental information. On June 9, 1983, defendant pled guilty to, and was sentenced on, the breaking and entering charges.

The prosecution argues on appeal that the record of arraignment is ineffective by its own terms because it can only comply with GCR 1963, 785.5 if defendant has received a copy of the information. Since the information was not in existence at the time defendant waived arraignment, defendant's acknowledgment of receiving the information, pursuant to GCR 1963, 785.5, was untrue. The prosecution further suggests that the interpretation of *People v Shelton, supra,* utilized by the trial court will deny the prosecution sufficient time

to make a decision concerning a supplemental information.

Defendant, on the other hand, contends that, if a waiver is effective at law, the prosecutor has 14 days from that point to file the supplemental habitual offender information. If, as the prosecutor argues, the *Shelton* 14-day period runs from the date of arraignment, then it would not have been necessary for the Supreme Court to differentiate the dates (arraignment or defendant's waiver of arraignment) as it did in *Shelton,* because the dates would be identical. See 412 Mich 569.

Finally, defendant reasons that a waiver of arraignment is effective when filed, regardless of the existence of an information, where, as here, the prosecutor's office approved the waiver before the information came into being and, therefore, had actual notice of such; and, as a practical matter, defendant argues that because of the district court arraignment and preliminary examination, a defendant will be fully aware of what he is going to be charged with, whether he sees the information or not. The sole issue with which we are here presented is whether the lower court properly granted defendant's motion to dismiss the supplemental information in that the 14-day *Shelton* period had expired.

The starting point of our analysis is GCR 1963, 785.5. On arraignment in circuit court, the information must be read to the defendant unless expressly waived by him or his counsel. The prosecution is required to give the defendant a copy of the information, and the court must ask him what plea he desires to make. GCR 1963, 785.5(1). GCR 1963, 785.5(2) provides that:

"(2) However, a defendant represented by a lawyer may, as a matter of right, enter a plea of not guilty or

stand mute without arraignment by filing, at or before the time fixed for arraignment, a written statement signed by the defendant and his lawyer *acknowledging that defendant has received a copy of the information,* has read or had it read or explained to him, understands the substance of the charge, waives arraignment in open court *and* pleads not guilty to the charge or stands mute." (Emphasis added.)

In *People v Fountain,* 407 Mich 96, 98; 282 NW2d 168 (1979), it was held that the prosecutor "must promptly proceed, if at all, against the person as an habitual offender". In *Shelton, supra,* p 569, the Court defined "promptly" as follows:

"[W]e hold that a supplemental information is filed 'promptly' if it is filed not more than 14 days after the defendant is arraigned in circuit court (or has waived arraignment) on the information charging the underlying felony, or before trial if the defendant is tried within the 14-day period. We believe that such a rule allows the prosecutor sufficient time to make a decision concerning supplementation while at the same time providing notice at any early stage of the proceedings to the defendant of the potential consequences of conviction of the underlying felony."

We believe that the lower court erred in its interpretation of applicable law.

GCR 1963, 785.5(2) states that the waiver of arraignment must be by "written statement signed by the defendant and his lawyer acknowledging that defendant has received a copy of the information". This presumably requires a truthful acknowledgment. However, this is, of course, impossible if the information has not yet been prepared. Arguably, defendants could use this as a tactical advantage by waiving arraignment far in advance and hoping that an overworked prosecutor's office will not be able to determine the merits of an

habitual offender charge until after the 14-day period has expired.

In resolving this issue, we are guided by principles of statutory construction in determining the Supreme Court's intent in promulgating rules of practice and procedure. *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984). There can be no doubt that the Supreme Court is cognizant of doctrines of statutory construction and that such doctrines advanced the Court's intention in adopting the general court rules. *People v Lange,* 105 Mich App 263, 266-267; 306 NW2d 514 (1981). It is a general principle of statutory construction that when a statute is unambiguous on its face, interpretation and construction of its terms are unnecessary. *Sneath v Popiolek,* 135 Mich App 17, 23; 352 NW2d 331 (1984). Here, the court rule is unambiguous and should be applied as written. Therefore, in order to waive arraignment in advance, the information must necessarily be completed by the prosecutor and read by defendant so that defendant may truthfully acknowledge receipt of a copy of the information.

Moreover, because GCR 1963, 785.5(2) and *People v Shelton, supra,* are both products of the Supreme Court, they should be read together. The *Shelton* 14-day period begins to run after the information has been presented to defendant either at arraignment in open court or in advance of the date set for arraignment if the information has been completed and defendant "has read or had it read or explained to him", understands the charge, waives arraignment and pleads not guilty or stands mute. There is no inconsistency in reading *Shelton* and the court rule to require such. Under defendant's interpretation, the wording in *Shelton*—"14 days after defendant is arraigned in circuit court (or has waived arraignment)"—must

permit waiver before the information is filed or the language is meaningless. This, however, is true only if it is assumed that the information is always filed on the date set for arraignment; and, this is not the case. The information may be filed prior to the date set for arraignment, so that the defendant may waive arraignment prior to the date scheduled therefor. In such case, the supplemental information must be filed 14 days after the date when defendant "has waived arraignment".

In the instant case, the waiver of arraignment could not become effective until defendant read the information or had it read or explained to him. Defendant's arraignment by mail was noted on March 23, 1983, and on March 25, 1983, the information was filed. Thereafter, the supplemental information was filed on April 5, 1983, within 14 days of the date on which the information was filed. We conclude that the prosecution complied with the 14-day *Shelton* rule, when read in conjunction with GCR 1963, 785.5(2). The trial court's decision to quash the information is reversed.

We further hold that because defendant pled guilty to the principal charges after the motion to dismiss the habitual offender information had been granted, defendant is allowed 60 days from the date of release of this opinion within which to move to withdraw his pleas of guilty, which motion shall be granted. If defendant does not choose to do so, or fails to do so within the allotted time, we remand this case for proceedings on the supplemental information.

Reversed and remanded.