PEOPLE v PHELON

Docket No. 97776. Submitted September 7, 1988, at Lansing. Decided November 21, 1988.

Timothy Phelon pled guilty in Saginaw Circuit Court to a charge of safe breaking. Pursuant to a plea agreement, five other charges against him were dismissed. The court, Robert L. Kaczmarek, J., sentenced defendant to four to ten years imprisonment. Defendant appealed, arguing that the court erred in scoring Offense Variable 25 on the Sentencing Information Report by scoring two points for contemporaneous criminal acts, thereby raising his offense severity level and his recommended minimum sentence range.

The Court of Appeals held:

The record indicates that defendant committed at least three contemporaneous criminal acts in addition to his safe breaking. The court did not err in assessing two points under Offense Variable 25.

Affirmed.

CRIMINAL LAW — SENTENCING GUIDELINES — OFFENSE VARIABLES — SCORING.

A sentencing judge has discretion in determining the number of points scored for the sentencing guidelines' offense variables provided there is evidence on the record adequately supporting a particular score.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,* Prosecuting Attorney, and *Annette M. Gray,* Chief of Appeals, for the people.

*Matthew Posner,* for defendant on appeal.

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

Before: DANHOF, C.J., and KELLY and BEASLEY, JJ.

KELLY, J. Defendant pled guilty to safe breaking, MCL 750.531; MSA 28.799, in exchange for dismissal of three charges of breaking and entering, one charge of unlawfully driving away an automobile (UDAA), and one charge of malicious destruction to a building over $100.[1] The circuit court sentenced defendant to four to ten years, which was within the Sentencing Information Report's (SIR) recommended minimum sentence range of twenty-eight to forty-eight months.

On appeal, defendant argues that the court erred in scoring Offense Variable (OV) 25 on the SIR, by scoring two points for contemporaneous criminal acts. Defendant contends that this erroneous scoring raised his offense severity level to Level II, and his recommended minimum sentence range to twenty-four to forty-eight months instead of eighteen to thirty-six months. We disagree and affirm defendant's sentence.

A sentencing judge has discretion in determining the number of points scored for the sentencing guidelines' OVs provided that there is evidence on the record adequately supporting a particular score. *People v Day*, 169 Mich App 516, 517; 426 NW2d 415 (1988). The instructions for OV 25 for this crime state:

> A criminal act is contemporaneous if: (1) it occurs within 24 hours of the offense upon which the defendant is being sentenced or within six months if it is identical to or similar in nature; (2) it is not a cognate or lesser included offense; and (3) it has not and will not result in a separate conviction.

[1] MCL 750.110; MSA 28.305, MCL 750.413; MSA 28.645, and MCL 750.380; MSA 28.612, respectively.

The record below indicates that on August 27, 1985, defendant and an accomplice stole a 1974 Oldsmobile Toronado and used it to break into two stores by ramming it into walls. They stole the safe involved in the safe breaking charge from the second store they broke into. These actions were the bases for the dismissed charges of breaking and entering, UDAA, and malicious destruction. The accomplice told the court that defendant committed these crimes, and there was also physical evidence including fingerprints linking defendant to these crimes. These two breaking and enterings, one UDAA, and one malicious destruction charge occurred within twenty-four hours of the safe breaking, were not cognate or lesser included offenses, and will not result in separate convictions; therefore they were contemporaneous criminal actions under ov 25. The guidelines manual indicates a score of two for three or more contemporaneous criminal acts under ov 25. Defendant committed at least three contemporaneous criminal acts in addition to his safe breaking, so the trial court did not err by assessing two points under ov 25.

Affirmed.