PEOPLE v DOUGLAS (ON REMAND)

Docket No. 127102. Submitted April 2, 1991, at Lansing. Decided November 4, 1991, at 9:10 A.M. Leave to appeal sought.

Kent Douglas was convicted in the Genesee Circuit Court, Philip C. Elliott, J., of one count of safe breaking and two counts of breaking and entering and was sentenced to concurrent prison terms of ten to twenty years for the safe breaking conviction and five to ten years for each breaking and entering conviction. The defendant appealed, and the Court of Appeals affirmed in an unpublished opinion per curiam, decided August 11, 1988 (Docket No. 101810). The Supreme Court denied leave to appeal. 432 Mich 856 (1989). The defendant then moved in the trial court for resentencing on the basis that the sentencing guidelines apply to safe breaking and the court erred in failing to prepare a sentencing information report. The motion was denied, and the defendant sought leave to appeal. The Court of Appeals ordered resentencing by the trial court on August 11, 1989 (Docket No. 117376). The prosecutor sought leave to appeal, and the Supreme Court, in lieu of granting leave to appeal, vacated the order of the Court of Appeals and remanded to the Court of Appeals for plenary consideration. 434 Mich 884 (1990).

The Court of Appeals *held:*

The sentencing guidelines do not apply to the offense of safe breaking. The trial court properly denied the defendant's motion for resentencing.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

State Appellate Defender (by *Ronald J. Bretz),* for the defendant on appeal.

ON REMAND

Before: WAHLS, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Defendant appeals from an order that denied resentencing. Defendant was convicted in 1987 of one count of safe breaking, MCL 750.531; MSA 28.799, and two counts of breaking and entering, MCL 750.110; MSA 28.305. Defendant was sentenced to concurrent prison terms of ten to twenty years for his safe breaking conviction and five to ten years for each of his breaking and entering convictions. In his first appeal, taken as of right, defendant claimed that several evidentiary errors occurred at his trial, that his trial counsel was ineffective, and that his sentences were shocking to the conscience. This Court affirmed defendant's convictions and sentences in an unpublished opinion per curiam, decided August 11, 1988 (Docket No. 101810). Leave to appeal that decision was denied by the Supreme Court. 432 Mich 856 (1989). Defendant then moved for resentencing in the trial court, arguing that the sentencing guidelines applied to the offense of safe breaking, the highest crime of which he had been convicted, and that the trial court's failure to prepare a sentencing information report for the offense required resentencing. The motion was denied. Defendant filed for leave to appeal in this Court, which on August 11, 1989, ordered resentencing. Court of Appeals Docket No. 117376. The prosecutor sought leave to appeal that decision to our Supreme Court, which, in lieu of granting leave to appeal, vacated our order and remanded the case to this Court for plenary consideration. 434 Mich 884 (1990). We now affirm.

We note first that the trial court's determination

that the law of the case doctrine was applicable because of our opinion in defendant's appeal as of right and precluded it from determining whether the guidelines apply is erroneous, as is the prosecutor's reliance on the doctrine in this appeal. Although we stated in our prior opinion that "[t]he sentencing guidelines do not apply to the offense of safe breaking," this was an assumption made by this Court and the parties, and the issue now before us had not been raised for a legal determination. See *People v Brown,* 173 Mich App 202, 209-210; 433 NW2d 404 (1988), lv gtd 436 Mich 880 (1990). Similarly, defendant's reliance on *People v Phelon,* 173 Mich App 157; 433 NW2d 384 (1988), is misplaced, because in *Phelon* a panel of this Court assumed, but did not decide, that the sentencing guidelines applied to safe breaking. *Phelon* has no precedential value with respect to the issue before us.

Defendant was sentenced in April 1987, when the first edition of the sentencing guidelines was in effect. Our analysis will consider whether either the first or the second edition of the sentencing guidelines applies to the offense. We take this course because if defendant were resentenced, the second edition of the guidelines would properly be used to score the offense. *People v Potts,* 436 Mich 295; 461 NW2d 647 (1990).

Since 1984, the trial courts of Michigan have been directed by our Supreme Court to utilize the guidelines when imposing a sentence for an offense that is included within the guidelines. Administrative Order No. 1984-1, 418 Mich lxxx; Administrative Order No. 1988-4, 430 Mich ci. We believe that the resolution of the issue before us depends on our ascertainment of the intent of the drafters of the guidelines. As will be seen below, an ambiguity exists in both the first and second editions of

the guidelines regarding whether safe breaking is included within them. We therefore turn to principles of statutory construction in an attempt to resolve the ambiguity in accord with the drafters' intent, as we would in cases of determining the Supreme Court's intent in promulgating rules of practice and procedure. *People v Swayne,* 139 Mich App 258, 264; 361 NW2d 788 (1984).

The guidelines do not cover all offenses. Both the first and second editions of the guidelines instruct that they are to be used for offenses enumerated in the "crime list" sections of the guidelines. The first edition of the guidelines actually contained a list of excluded crimes. Safe breaking was not included on the list. This list, however, was not exclusive, as may readily be seen by the absence of such antediluvian felonies as seduction, MCL 750.532; MSA 28.800, and other offenses from both the crime list and the list of offenses to which the guidelines do not apply.

Both editions of the guidelines list MCL 750.531; MSA 28.799 within the robbery crime group. The text following the citation describes the offense as "bank robbery." MCL 750.531; MSA 28.799, however, encompasses two distinct offenses: the assaultive crime of bank robbery perpetrated by any of several enumerated means, and the nonassaultive crime of safe breaking. *People v Campbell,* 165 Mich App 1, 6; 418 NW2d 404 (1987). Herein lies the ambiguity, which we resolve against defendant on the basis of our understanding of the drafters' intent.

First, we take notice of the doctrine of "ejusdem generis," a familiar principle of statutory construction that holds that where specific words follow general ones, application of the general words is constrained to things that are similar to the specific words. *Belanger v Warren Consolidated*

*School Dist, Bd of Ed,* 432 Mich 575, 583-584; 443 NW2d 372 (1989); *People v Smith,* 393 Mich 432, 436; 225 NW2d 165 (1975). If the initial citation to MCL 750.531; MSA 28.799 in the guidelines' crime list is considered to be a general reference to both offenses contained therein, then the specific reference to the assaultive offense of bank robbery that follows restricts the application of the guidelines to that offense and excludes the separate, nonassaultive offense of safe breaking.

Second, we take guidance from the nature of the other offenses included within the robbery crime list, which is the same in both editions. Those offenses are armed robbery, MCL 750.529; MSA 28.797, assault with intent to rob while armed, MCL 750.89; MSA 28.284, unarmed robbery, MCL 750.530; MSA 28.798, assault with intent to rob while unarmed, MCL 750.88; MSA 28.283, larceny from a person, MCL 750.357; MSA 28.589, and the attempted commission of those offenses, including the attempted commission of bank robbery. The crime list contains three types of primary offenses: assaultive offenses, robberies, and larceny from a person. Robbery, although it contains an element of theft, is primarily an assaultive offense. *People v Allen,* 429 Mich 558, 611; 420 NW2d 499 (1988). Bank robbery is an assaultive offense that contains an element of theft. *People v Campbell, supra* at 6. Larceny from a person is a lesser included offense of armed robbery and unarmed robbery and is distinguished from those two offenses by the absence of force as an element. *People v Chamblis,* 395 Mich 408, 424-425; 236 NW2d 473 (1975). Although larceny from a person is not an assaultive offense in the same sense as robbery, i.e., that the larceny is committed with violence or intimidation, the statute is aimed at the protection of both persons and property.

Unlike the assaultive offense of bank robbery and the other offenses listed in the robbery crime list, safe breaking does not require the use of force or intimidation against another person, or even the presence of another person. Rather, were safe breaking to be included within the sentencing guidelines, it seems more appropriate to group the offense in the burglary crime list, which concerns the offenses of breaking and entering, entering without breaking, and possession of burglar's tools. There is no mention, however, of the offense in this crime list. Moreover, the first edition of the guidelines states that it categorizes felonies that occur "frequently," while the second edition states that "[o]ffenses have been classified into crime groups based on their underlying similarity." We speculate that safe breaking is a crime that the drafters did not believe occurred so frequently as to warrant a grid, and we believe that safe breaking is dissimilar to the other offenses in the robbery crime group. We consider this to be a further indication that the drafters did not intend safe breaking to be an offense included within the guidelines.

We conclude that the trial court was correct, although for the wrong reason, in concluding that the sentencing guidelines do not apply to the offense of safe breaking and that it properly denied defendant's motion for resentencing. The remainder of defendant's argument for resentencing, including his claim that he was denied effective assistance of appellate counsel in his first appeal, is grounded on the assumption that the guidelines apply to the offense of safe breaking, a claim that we have now rejected. Defendant's sentence is therefore affirmed.

Affirmed.