PEOPLE v BRUCE BERRY

Docket No. 140804. Submitted November 20, 1992, at Lansing. Decided March 16, 1993, at 9:10 A.M.

    Bruce D. Berry pleaded guilty in the Crawford Circuit Court, William A. Porter, J., of being a prisoner in possession of marijuana and was sentenced to one to five years' imprisonment. He appealed, claiming that the court erred in failing to use the sentencing guidelines.

    The Court of Appeals *held:*

    The sentencing guidelines apply to the offense of furnishing a controlled substance to a prisoner, but not to the offense of prisoner in possession of a controlled substance.

    Affirmed.

SENTENCES — SENTENCING GUIDELINES — PRISONERS IN POSSESSION OF CONTROLLED SUBSTANCES.

    The sentencing guidelines do not apply to the offense of prisoner in possession of a controlled substance (MCL 800.281[4]; MSA 28.1621[4]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John B. Huss,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*Farmer Law Office* (by *Michael Vogler*), for the defendant on appeal.

Before: R. J. DANHOF, P.J., and J. H. GILLIS and W. R. BEASLEY,* JJ.

* Former Court of Appeals judges, sitting on the Court of Appeals by assignment pursuant to Administrative Order Nos. 1991-9 and 1992-6.

REFERENCES

Am Jur 2d, Penal And Correctional Institutions §§ 138-146.

See ALR Index under Prisons And Prisoners; Sentence And Punishment.

PER CURIAM. Defendant pleaded guilty of being a prisoner in possession of marijuana, MCL 800.281(4); MSA 28.1621(4), and was sentenced to one to five years' imprisonment. He now appeals as of right. We affirm.

The issue presented in this case is whether the Michigan Sentencing Guidelines apply to the offense of prisoner in possession of marijuana. Although the general statute under which defendant was convicted (MCL 800.281; MSA 28.1621) appears twice in the drug-crime list of the second edition of the guidelines, where there is an ambiguity about whether a particular offense is covered by the guidelines, the principles of statutory construction are applied to resolve the ambiguity in accord with the drafters' intent. *People v Douglas (On Remand),* 191 Mich App 660, 662-663; 478 NW2d 737 (1991). One such principle, known as the doctrine of ejusdem generis, provides that where specific words follow general ones, application of the general words is constrained to those things that are similar to the specific words. *Id.* at 663-664.

Following each reference to MCL 800.281; MSA 28.1621 in the guidelines, the drafters' notations state: "Furnishing controlled substances to prisoners." Under the doctrine of ejusdem generis, the specific reference to furnishing controlled substances to prisoners restricts the application of the guidelines to that situation and excludes its application to the situation where, as here, the prisoner possesses the controlled substance. Hence, we conclude that the Michigan Sentencing Guidelines do not apply to subsection 4 of MCL 800.281; MSA 28.1621. This conclusion is bolstered by the drafters' description of other offenses in the drug-crime list. See *Douglas, supra* at 664. That is, when the

guidelines were intended to apply to more than one offense within a specific statute, the drafters explicitly stated so. See, e.g., Michigan Sentencing Guidelines Manual (2d ed), p 14 (the description of MCL 333.7402[2][b]; MSA 14.15[7402][2][b] encompasses the creation, delivery, and possession with intent to deliver a counterfeit controlled substance).

Because the sentencing guidelines do not apply to the instant offense, the trial court did not err in failing to score a sentencing information report or in not referring to the guidelines when imposing sentence.

Affirmed.