FORTUNATE v DEPARTMENT OF TRANSPORTATION

Docket No. 158193. Submitted November 8, 1994, at Detroit. Decided November 30, 1994; approved for publication February 2, 1995, at 9:00 A.M. Leave to appeal sought.

Tania and Alan Fortunate brought an action in the Court of Claims against the Department of Transportation, seeking damages for injuries sustained by Tania while traveling on I-94 in Detroit when an unidentified person on a pedestrian bridge threw a concrete block on her automobile. The court, William E. Collette, J., granted summary disposition for the defendant, finding that the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102), did not extend to the bridge, which was outside the traveled portion of the roadbed and was designed solely for use by pedestrians. The plaintiffs appealed.

The Court of Appeals *held:*

The grant of summary disposition was proper. The highway exception to governmental immunity extends liability only to the traveled portion of the roadway actually designed for public vehicular travel. Excluded from the exception are specific installations whose only rational purposes narrowly service the unique needs of pedestrians.

Affirmed.

*DeNardis, McCandless & Muller, P.C.* (by *Gregory J. Muller*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Brenda E. Turner* and *Vincent J. Leone,* Assistant Attorneys General, for the defendant.

Before: WAHLS, P.J., and CAVANAGH and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a

* Circuit judge, sitting on the Court of Appeals by assignment.

Court of Claims order granting defendant's motion for summary disposition pursuant to "MCR 2.116(C)(7)(8) [sic]." We affirm.

Plaintiff Tania Fortunate sustained injuries while traveling on I-94 in Detroit after an unidentified person threw a concrete block on her car from a pedestrian bridge.

Plaintiffs brought this action against the Department of Transportation, alleging violation of its duty to design and maintain the roadway and bridge, and nuisance. Defendant moved for summary disposition on the basis of governmental immunity. The court granted the motion, finding that the state had no duty to protect plaintiff from the action of the intervening tortfeasor. This appeal followed.

The highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102), extends liability only to the traveled portion of the roadbed actually designed for public vehicular travel. *Scheurman v Dep't of Transportation,* 434 Mich 619, 623; 456 NW2d 66 (1990). Excluded from the exception are specific installations whose only rational purposes narrowly service the unique needs of pedestrians. *Mason v Wayne Co Bd of Comm'rs,* 447 Mich 130; 523 NW2d 791 (1994). We believe that the exception is intended to promote safe highways but not necessarily safety on the highways. *Scheurman, supra* at 631; see also *Reardon v Dep't of Mental Health,* 430 Mich 398, 417; 424 NW2d 248 (1988) (public building exception intended to promote safe public buildings but not necessarily safety in public buildings).

Not only was the bridge in this case outside the traveled portion of the roadbed, it also was designed solely for use by pedestrians.

Accordingly, while we share in the trial court's sympathy for plaintiff's injuries, we must conclude that summary disposition was properly granted.

Affirmed.