SUTTLES v DEPARTMENT OF TRANSPORTATION

Docket No. 181267. Submitted January 10, 1996, at Lansing. Decided April 2, 1996, at 9:05 A.M. Leave to appeal sought.

Rex Suttles, individually and as personal representative of the estate of Pansy Suttles, deceased, brought an action in the Court of Claims against the Department of Transportation, seeking damages for injuries sustained by Pansy Suttles when she stepped out of a motor vehicle parked on a public street and slipped on an alleged unnatural accumulation of ice and snow on the street directly next to the curb. The court, Peter D. Houk, J., granted summary disposition for the defendant on the basis that the claim was barred by governmental immunity. The plaintiff appealed.

The Court of Appeals held:

The trial court correctly interpreted the scope of the exclusions to the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1). The exclusions, specifically the "any other installation" exclusion, fairly encompass the part of a highway adjacent to a parked vehicle onto which an occupant of the vehicle might step when getting out of the vehicle. The trial court correctly found that the language of the highway exception excludes from the exception specific installations whose only rational purposes narrowly service the unique needs of pedestrians. The highway exception to governmental immunity does not apply to the part of the highway immediately adjacent to a parked vehicle onto which an occupant of the vehicle might step when getting out of the vehicle. The space adjacent to a parked vehicle is conceptually identical to a crosswalk as a "pedestrian installation" to which the duty to repair and maintain does not extend.

Affirmed.

MURPHY, J., dissenting, stated that the highway exception to governmental immunity does apply in this case and, therefore, the trial court erred in granting summary disposition for the defendant. The portion of a highway next to a curb is not conceptually identical to a crosswalk as a pedestrian installation. The area next to the curb does not have as its only rational purpose the service of the unique needs of pedestrians. That area constitutes the improved portion of the highway designed for vehicular travel. The language of the

highway exception indicates that the Legislature intended for the highway exception to apply to pedestrians, depending on their location. The plaintiff's decedent was a pedestrian who was injured on the improved portion of the highway designed for vehicular travel. Therefore, the highway exception applies and the trial court erred in granting summary disposition on the basis of governmental immunity.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION.

An exception to governmental immunity provides that the duty of highway authorities to repair and maintain the highways shall extend only to the improved portion of the highway designed for vehicular travel and that the duty does not extend to sidewalks, crosswalks, and any other installation outside the improved portion of the highway designed for vehicular travel; the exclusion for "any other installation" fairly encompasses the part of a highway adjacent to a parked vehicle onto which an occupant of the vehicle might step when getting out of the vehicle; the language of the highway exception to governmental immunity excludes from the exception specific installations whose only rational purposes narrowly service the unique needs of pedestrians (MCL 691.1402[1]; MSA 3.996[102][1]).

*Blum, Konheim, Elkin & Blum* (by *David J. Elkin*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Brenda E. Turner* and *John P. Mack*, Assistant Attorneys General, for the defendant.

Before: MARKMAN, P.J., and MURPHY and HOEKSTRA, JJ.

MARKMAN, P.J. This is a premises liability case in which plaintiff's decedent got out of a motor vehicle parked on a street outside a church, stepped onto the street, and slipped on what she alleged was an unnatural accumulation of ice and snow on the street directly next to the curb. As a result, decedent was seriously injured. On October 1, 1994, defendant filed

a motion for summary disposition, which was granted. Plaintiff appeals. We affirm.

Summary disposition was granted under MCR 2.116(C)(7) on the basis that plaintiff's claim was barred by governmental immunity. By statute, governmental agencies are immune from tort liability while engaging in governmental functions unless an exception to such immunity applies. MCL 691.1407; MSA 3.996(107). *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 618; 363 NW2d 641 (1984). The scope of governmental immunity is broad and its exceptions are concomitantly narrow. *Chaney v Dep't of Transportation*, 447 Mich 145, 154; 523 NW2d 762 (1994). One exception to governmental immunity is the highway exception, MCL 691.1402(1); MSA 3.996(102)(1), which states, in pertinent part:

> The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.

The express language of the highway exception indicates that the duty of highway authorities to repair and maintain the highways "shall extend only to the improved portion of the highway designed for vehicular travel." The provision then states that such duty "shall not" extend to three types of installations: (1) "sidewalks"; (2) "crosswalks"; and (3) "any *other* installation outside of the improved portion of the highway designed for vehicular travel." (Emphasis added.)

This language is confusing for several reasons. First, its structure implies that installations 1, 2, and 3 are exclusions from the highway exception. Yet, it is difficult to fathom how "sidewalks," unlike "crosswalks," could be construed as part of the "improved portion of the highway designed for vehicular travel," even absent their explicit exclusion from the highway exception. Second, the "any *other* installation" language of the third exclusion to the highway exception follows a specific enumeration of terms that by implication also describe installations "outside of the improved portion of the highway designed for vehicular travel";[1] "crosswalks," however, clearly do not fit this description. In other words, it is unclear why "sidewalks" are expressly excluded from the highway exception and it is equally unclear why "crosswalks" are implicitly described as installations "outside of the improved portion of the highway designed for vehicular travel."

In attempting to reconcile this confusing language, we conclude that the trial court correctly interpreted the scope of the exclusions to the highway exception and that such exclusions, specifically the "any other installation" exclusion, fairly encompass the part of a highway adjacent to a parked car onto which an occupant of the car, especially the driver, might step when getting out of the car.

In *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130; 523 NW2d 791 (1994), the Michigan Supreme

---

[1] The doctrine of ejusdem generis provides that, if a law contains general words following an enumeration of particular subjects, those general words are presumed to include only things of the same kind, class, character, or nature as the subjects enumerated. *People v Berry*, 198 Mich App 723, 724; 499 NW2d 458 (1993); *Attorney General v Blue Cross & Blue Shield of Michigan*, 168 Mich App 372, 380-381; 424 NW2d 54 (1988).

Court explored the scope of the highway exception to governmental immunity. In *Mason*, the Supreme Court recognized the existence of governmental immunity in the context of an accident between a pedestrian and a motor vehicle that had occurred on a crosswalk within "the improved portion of the highway designed for vehicular travel." MCL 691.1402(1); MSA 3.996(102)(1).[2] The Court observed that the language of the highway exception "definitively excludes from the exception specific installations whose only rational purposes narrowly service the unique needs of pedestrians." *Mason, supra* at 136. See also *Roy v Dep't of Transportation*, 428 Mich 330, 336; 408 NW2d 783 (1987). As a result, the *Mason* Court concluded at 137-138:

> Pedestrians who trek upon Michigan highways must and do venture beyond the protective mandates of MCL 691.1402(1); MSA 3.996(102)(1).
>
> . . . Pedestrians are situated differently than vehicular traffic . . . .
>
> This legislative line drawing is also explicable on the ground that expanding the right to sue past a certain point does not prevent accidents, and amounts to nothing more than an expanded obligation to pay. The Legislature may well have concluded that governmental liability for injuries to pedestrians crossing the street will not enhance vehicular safety.

See also *Fortunate v Dep't of Transportation*, 208 Mich App 467, 468; 528 NW2d 743 (1995).[3]

---

[2] "[T]he phrase 'designed for vehicular travel' [in MCL 691.1402; MSA 3.996(102)] can only be reasonably interpreted to mean '*intended* for vehicular travel.'" *Mason, supra* at 137. (Emphasis in original.)

[3] "We believe that the [highway] exception is intended to promote safe highways, but not necessarily safety on the highways." *Id.* at 468, citing *Scheurman v Dep't of Transportation*, 434 Mich 619, 623; 456 NW2d 66

If "exclusively pedestrian installations," such as crosswalks, are beyond the scope of the highway exception, *Mason, supra* at 137, then it is difficult to understand how the exception applies to the part of the highway immediately adjacent to a parked vehicle onto which an occupant of the vehicle might step when getting out of the vehicle. Rather, we believe that part of the highway is included within the scope of the "any other installation" language. The decedent, in our judgment, was in no more favorable a position than the pedestrian in *Mason.* The decedent was plainly in the position of a "pedestrian" as she got out of her vehicle. The space adjacent to a parked vehicle, although less capable of being permanently marked than a crosswalk, is conceptually identical to the crosswalk as a "pedestrian installation." Both parts of the highway are designed to accommodate pedestrians who properly traverse both parts of the highway while sharing them with vehicular traffic.

In reconciling the confusing language of MCL 691.1402(1); MSA 3.996(102)(1), and in attempting to determine the scope of the "any *other* installation" language, we look to the language of *Mason*— specifically its admonition that "[p]edestrians who trek upon Michigan highways must and do venture beyond the protective mandates of [the highway exception to governmental immunity]." *Id* at 137. In addition, the Court noted that "[p]edestrians crossing outside crosswalks face the *additional* hurdle of comparative negligence." *Id.* at 136, n 5 (emphasis added). This language strengthens our understanding of *Mason* as

(1990); *Reardon v Dep't of Mental Health,* 430 Mich 398, 417; 424 NW2d 248 (1988).

directed broadly toward the proposition that pedestrian accidents on highways generally fall outside the scope of the highway exception.[4] Both parts of the highway are "outside of the improved portion of the highway" designed *exclusively* for vehicular travel.[5]

Further, it is hard to imagine that the Legislature would have immunized from liability governmental actions relative to pedestrian installations, such as school crosswalks, upon which pedestrians of all ages routinely walk, including children, *Mason, supra* at 132, while excepting from this immunity pedestrian installations, such as the space adjacent to parked cars, upon which adult pedestrians principally walk.[6] Additionally, it is hard to imagine that the Legislature would have accorded greater protection to jaywalking pedestrians on highways, walking outside crosswalks, than is accorded to pedestrians walking within such crosswalks. Yet these consequences would be the result of the construction given by the dissent to the exclusions to the highway exception. Instead, we believe that the rationale set forth in *Mason* in support of its interpretation of MCL 691.1402(1); MSA 3.996(102)(1) is equally applicable to the "space adjacent to the parked car" part of the "improved portion

---

[4] See also n 4 of *Mason, supra* at 135, where the Court states, "It is true that '[a]ny person' may recover [under the highway exception], but *only for injuries that result from vehicular accidents.*" (Emphasis added.)

[5] The term "exclusively" is also the subject of focus in *Mason, supra* at 137, wherein the Court describes MCL 691.1402(1); MSA 3.996(102(1) as removing "exclusively" pedestrian installations from the highway exception. A "crosswalk" is an "exclusively" pedestrian installation if by that term it is meant that pedestrians alone have the need for such installations and, therefore, that they have the right to walk on such installations where they are in existence.

[6] We assume that most drivers get out of a parked vehicle on the driver's side of the vehicle and that most passengers get out of a parked vehicle on the passenger's side.

of the highway" as to the "crosswalk" part. The distinction between these parts of the highway is a distinction without significance based upon the language and reasoning of *Mason*.

In granting summary disposition to defendant, the trial court properly interpreted MCR 2.116(C)(7) and the Supreme Court's decision in *Mason*.

Affirmed.

HOEKSTRA, J., concurred.

MURPHY, J. (*dissenting*). I respectfully dissent. In my view, the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), applies in this case. Therefore, I would conclude that the trial court erred in granting summary disposition for defendant pursuant to MCR 2.116(C)(7).

The highway exception provides, in relevant part:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his or her property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency. . . . The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel. [MCL 691.1402(1); MSA 3.996(102)(1).]

The majority relies on *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130; 523 NW2d 791 (1994), in

holding that the trial court properly granted summary disposition. However, *Mason* is distinguishable from this case because *Mason* involved a crosswalk, and crosswalks are specifically excluded from the highway exception. MCL 691.1402(1); MSA 3.996(102)(1). This case does not involve a crosswalk or any other area specifically excluded from the highway exception. This case involves plaintiff's decedent slipping on an alleged unnatural accumulation of ice and snow located on the street directly next to the curb. I disagree with the majority's conclusion that plaintiff's decedent was in no more a favorable position than the pedestrian in *Mason* because the pedestrian in *Mason* was injured in an area specifically excluded by the highway exception, while plaintiff's decedent was injured on the street directly next to the curb, i.e. within the "improved portion of the highway designed for vehicular travel." MCL 691.1402(1); MSA 3.996(102)(1). The state's duty to repair and maintain highways specifically extends to the improved portion of the highway designed for vehicular travel.

The majority ignores the literal language of the highway exception and extends the holding in *Mason* too far. The holding in *Mason* must be limited to cases where a pedestrian is injured in an area specifically excluded by the highway exception: in a sidewalk, crosswalk, or any other installation outside the improved portion of the highway designed for vehicular travel. The majority position severely restricts the application of the highway exception to pedestrians who are injured in the improved portion of the highway designed for vehicular travel by reasoning that a portion of a highway next to a curb is "conceptually identical to the crosswalk as a 'pedestrian installa-

tion.' " *Ante* at 171. I cannot agree. The Supreme Court stated in *Mason* that the highway exception does not apply to "installations whose *only rational purposes narrowly service the unique needs of pedestrians.*" *Mason, supra* at 136 (emphasis added). Automobiles travel on the area of a highway next to a curb. Thus, that area of the highway does not have as its only rational purpose the service of the unique needs of pedestrians, and it constitutes the improved portion of the highway designed for vehicular travel.

The majority notes that in *Mason, supra* at 137, the Supreme Court stated that "[p]edestrians who trek upon Michigan highways must and do venture beyond the protective mandates of MCL 691.1402(1); MSA 3.996(102)(1)." A reading of this statement in isolation seems to suggest that the highway exception does not apply to pedestrians. However, the statement must be interpreted in the context of the language preceding it, as well as the facts of *Mason.* The statement, in context, reads as follows:

> The explicit removal of exclusively pedestrian installations from the highway exception, coupled with the express language of the provision itself, permits but one conclusion: Pedestrians who trek upon Michigan highways must and do venture beyond the protective mandates of MCL 691.1402(1); MSA 3.996(102)(1). [*Mason, supra* at 137.]

*Mason* involved a crosswalk, which, as noted above, is specifically excluded from the highway exception. Thus, a fair reading of the statement is not that all pedestrians who trek upon Michigan highways are unprotected by the highway exception, but that pedestrians who trek upon a Michigan highway on a sidewalk, crosswalk, or other exclusively pedestrian

installation venture beyond the protective mandates of the highway exception.

Moreover, interpreting the highway exception as not applying to pedestrians is inconsistent with the literal language of the highway exception, as well as previous Supreme Court interpretations of the highway exception. The Legislature could have excluded pedestrians from application of the highway exception, but the language of the highway exception indicates that the Legislature intended for the highway exception to apply to pedestrians, depending on their location. The explicit language in the highway exception extends the highway exception to "[a]ny *person* sustaining bodily injury or damage to his or her property" and provides that the government's duty to repair and maintain highways extends "to the improved portion of the highway designed for vehicular travel." MCL 691.1402(1); MSA 3.996(102)(1) (emphasis added). Furthermore, the Supreme Court has recognized that the highway exception does protect nonmotorists, depending on their location. In *Gregg v State Hwy Dep't*, 435 Mich 307, 311; 458 NW2d 619 (1990), the Supreme Court recognized that the highway exception "clearly does not limit the class of travelers who may recover damages for injuries due to defects on the improved portion." In *Gregg*, the Supreme Court held that a bicycle path that ran between the traveled portion of the highway and its paved shoulder comprised part of the improved portion of the highway designed for vehicular travel and reversed the order granting summary disposition for the defendant. The Supreme Court stated:

[T]he language and purpose of the highway immunity statute implies that the standard of care imposed on highway authorities applies to persons and not the vehicles in which they travel. It allows recovery to "[a]ny person sustaining bodily injury or damage to his property" and requires maintenance of highways "reasonably safe and convenient for public travel." Therefore, although the exception to immunity limits the duty of the state to "the improved portion of the highway designed for vehicular travel," the standard of care allows a cause of action for persons—both motorists and nonmotorists—entitled to travel on the improved portion. [*Id.* at 311, n 3.]

This appeal does not present the Court with the issue whether plaintiff's decedent fell on an unnatural accumulation of ice and snow or whether plaintiff can ultimately recover from defendant under the facts of this case. Rather, the issue this Court must decide is whether plaintiff's claim is barred by governmental immunity or whether the highway exception applies. Plaintiff's decedent was a pedestrian who was injured on "the improved portion of the highway designed for vehicular travel." MCL 691.1402(1); MSA 3.996(102)(1). Accordingly, I would hold that the highway exception applies and the trial court improperly granted defendant's motion for summary disposition on the basis of governmental immunity.