### FINCH *v.* VILLAGE OF BANGOR.

1. MUNICIPAL CORPORATIONS — NEGLIGENCE — DEFECTIVE HIGH-WAYS—QUESTION FOR JURY.

    Where plaintiff was injured by falling over a loose board that had been placed in the gutter a few hours previously by the agents of defendant village while constructing a sidewalk, it was for the jury to say whether there was negligence in thus disposing of the material, or whether the street was in a reasonably safe condition for public travel under the circumstances.

2. SAME—CONTRIBUTORY NEGLIGENCE.

    The fact that plaintiff left the sidewalk line, in the darkness, some 15 feet from a cross-walk, and attempted to go thereto diagonally, with knowledge of the progressing repairs, did not conclusively show contributory negligence.

Error to Van Buren; Carr, J. Submitted December 2, 1902. (Docket No. 136.) Decided May 12, 1903.

Case by Louisa Finch against the village of Bangor for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Lynn J. Lewis* and *Gore & Harvey*, for appellant.

*Kelley & Chase* and *T. J. Cavanaugh*, for appellee.

Hooker, C. J. The plaintiff recovered a small judgment against the defendant in an action for damages arising from a personal injury. The village authorities were engaged in constructing a sidewalk, and some of the old planks were piled in the street after being taken up. The accident occurred near a street corner. Instead of going to the cross-walk, the plaintiff stepped from the sidewalk bed over the curb into the gutter, about 10 or 15 feet from the cross-walk, with the apparent intention of going diagonally to the cross-walk. She claims to have stumbled over a board and fallen, and the jury were permitted to find that, although she did not see any board, because of the darkness, there was a board there, and that it was one of the boards formerly a part of the old walk, and that it was thrown in the street by those doing the work for the village, and that she fell by reason of stumbling over it.

It is contended:

1. That the declaration does not state a cause of action, because: (*a*) It does not allege a defect in the street itself; (*b*) it shows a want of liability, because it is not actionable for a village to leave a loose board in a gutter overnight; (*c*) it fails to show that the defendant had a reasonable time and opportunity to put the street in proper condition after knowledge of its being unfit for travel.

2. That a verdict for the defendant should have been directed for the reason that there is no proof of negligence, inasmuch as no one is shown to have seen the board either before or after the accident.

3. The want of repair was not the immediate cause of the injury.

4. Want of knowledge on defendant's part of the existence of the defect.

5. Plaintiff was guilty of contributory negligence.

We are of the opinion that there is testimony in the case from which it may be inferred that the plaintiff fell over a board, and that it was placed in the gutter by the agents of the village, which therefore had notice; and while it may not have been negligent for the village, in making its repairs, to place such material in the highway in a reasonable manner and place, and leave it there a reasonable time, having in view its obligation to the public and its protection, it was for the jury to determine whether the plaintiff was injured in the way she states, whether it was reasonable or negligent for the village to so dispose of the material, and whether the plaintiff was negligent in crossing the street at the place and time, in the manner adopted, and under the circumstances. It would be proper for a jury to consider all of these things, and had they found that the defendant had a right to expect more care from the plaintiff, and the plaintiff entitled to less care than in ordinary cases on the part of the village on such an occasion, by reason of the known character and exigencies of the improvement, it would have been within their province. Perhaps they did so find, but that nevertheless the village was unnecessarily lax, while the plaintiff was using all of the care ordinarily used under the increased hazard of such conditions. We cannot say that they did not, or that the street was kept in a reasonably safe condition for public travel *under the circumstances,* which was all that plaintiff had a right to demand. It was for them to judge whether the highway was in such a condition as to require the erection of barriers or the exclusion of the public. See *Southwell* v. *City of Detroit,* 74 Mich. 438 (42 N. W. 118). The duty extends to keeping highways in a condition reasonably safe and fit for travel. See *Hayes* v. *City of West Bay City,* 91 Mich. 418 (51 N. W. 1067); *Joslyn* v. *City of Detroit,* 74 Mich. 460 (42 N. W. 50); *Malloy* v. *Township of Walker,* 77 Mich. 461 (43 N. W. 1012, 6 L. R. A. 695); *Fuller* v. *City of Jackson,* 82 Mich. 481, 484 (46 N. W. 721); *Wakeham* v. *Township of St. Clair,* 91 Mich. 23 (51 N. W. 696).

The judgment is affirmed.

The other Justices concurred.