### BEAUDIN v. BAY CITY.[1]

1. MUNICIPAL CORPORATIONS — ORDINANCES — BOYS PLAYING IN STREET.

   An ordinance providing that no person shall play any game of tenpins, ball, wicket, or other games in a street does not prohibit boys from merely running thereon.

2. SAME—PERSONAL INJURIES—LIABILITY OF CITY.

   A boy who is in fact traveling over a street in a proper manner, though such traveling includes play, is within the protection of the statute making municipalities liable for injuries sustained by reason of neglect to keep their streets in reasonable repair, and in condition reasonably safe and fit for travel.    So held where a boy was running along a sidewalk in an attempt to catch another boy.

3. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

   An instruction, in an action for injury to a boy while running on a sidewalk, that "it is a question for you to determine whether plaintiff used such care as boys of his age and discretion usually exercise on like occasions, and such care and discretion as you think he ought to use in going along there," clearly implies that the intelligence of the boy, as well as his age, should be considered in determining whether he used proper care.

4. INJURY TO INFANT—DAMAGES—INSTRUCTIONS.

   A fair construction of the charge, in an action for injury to a

---

[1] Rehearing denied April 26, 1904.

boy, that, "in arriving at the amount of damages, you will take into consideration his earning powers, his ability to earn money, as to what extent, if any, it has been decreased,—that is, what he would be able to earn after he has arrived at the age when it is his duty to take care of himself,"—limits the recovery to damages because of diminished earning capacity.

5. SAME—EVIDENCE.

In case of injury to a young boy, proof showing his incapacity for certain occupations because of the injury affords a sufficient basis for a recovery for diminished earning capacity.

6. DEFECTIVE SIDEWALKS — PERSONAL INJURIES — SPECIAL QUESTIONS FOR JURY.

Where, in an action for injury from a defective sidewalk, defendant asked to have submitted to the jury the question, "Was the sidewalk * * * unsafe or unfit for travel" at the time of the accident? it was error for the court to substitute therefor the question, "Did the city * * * use ordinary care and diligence to keep the sidewalk * * * in reasonable repair for reasonably safe and convenient public travel?"

Error to Bay; Shepard, J. Submitted January 14, 1904. (Docket No. 36.) Decided April 19, 1904.

Case by Ernest Beaudin, by next friend, against the city of Bay City, for personal injuries caused by a defective sidewalk. From a judgment for plaintiff, defendant brings error. Reversed.

*Brakie J. Orr* (*James Donnelly*, of counsel), for appellant.

*Lee E. Joslyn*, for appellee.

MONTGOMERY, J. This is an action to recover damages for an injury resulting to the plaintiff by reason of a defective sidewalk within the city. The plaintiff recovered a judgment of $2,500, and the case is brought before us for review by writ of error.

The appellant's counsel states the principal question to be whether or not playing upon the sidewalks of a public

street by children is making use of such sidewalks for
"public travel," as contemplated by the statute making
cities liable for injuries from defective sidewalks.   The ev-
idence on the trial disclosed that on the afternoon of Octo-
ber 14, 1901, plaintiff, after school, returned to his home,
and from there went out into the street to play; that,
while the boys were playing in the street, a colored boy,
named Charlie Cross, went along on the opposite side of
the street, and some of the testimony tended to show that
some of the boys with whom plaintiff was playing called
out "catch him," and that the boys started to run after him.
There was other testimony tending to show that the boys
were running to see a runaway.   While running, the
plaintiff, as the testimony conduced to show, caught his
foot in a hole of the sidewalk, was thrown, and received
the injuries in question.   The defendant asked an instruc-
tion in effect that, if the plaintiff was injured while play-
ing, he was not in the exercise of the right of travel, and
that he could not recover.   The court refused this request,
but did instruct the jury that if, at the time the plaintiff
was injured, he was upon the sidewalk for any purpose
not connected with or incidental to lawful travel, he could
not recover.   He also charged the jury that the plaintiff
had a right to be on the streets, that he had a right to run
with the boys and play, and that he had a right to run
across the sidewalk, if he did so with reasonable prudence
and care.

The question whether the plaintiff was in position to as-
sert that his use of the street was a lawful use is presented
in two aspects.   It is first said that, in playing, he was
violating an ordinance of the city.   This ordinance pro-
vides that no person shall play any game of nine or ten
pins, ball, wicket, or other games in any street, alley, or
other public space.   We think the court rightly construed
this ordinance as prohibiting only other games of like
kind and character as those specifically mentioned in the
ordinance, and that, so construed, the ordinance has no
application to this case.

The important question in the case is whether the plaintiff is within the protection of the statute. Our statute provides (section 3441, 1 Comp. Laws) that "any person or persons sustaining bodily injury upon any of the public highways or streets in this State by reason of neglect to keep 'such public highways or streets, and all bridges, sidewalks, cross-walks, and culverts on the same, in reasonable repair, and in condition reasonably safe and fit for travel," may recover, etc. It is the contention of defendant that, where a statute imposes a duty and prescribes a remedy, the remedy is to be limited to the violation of such duty as is imposed by the statute. This proposition is well established by authority. It is contended further that the statute in question does not impose the duty of providing a playground for children, and that, therefore, an injury resulting to one using the public streets for a playground is not such an injury as the city is made liable for.

The leading case upon this subject is the case of *Blodgett* v. *City of Boston*, 8 Allen, 237. In that case the evidence disclosed that the plaintiff was playing on the sidewalk "old man on the castle," and received an injury for which he sued. The court held that he could not recover. But the court said :

"We by no means intend to say that a child who receives an injury caused by a defect or want of repair in a road or street, while passing over or through it, would be barred of all remedy against a town merely because, at the time of the occurrence of the accident, he was also engaged in some childish sport or amusement. There would exist in such a case the important element that the person injured was actually traveling over the way. But this element is wholly wanting in the case at bar. * * * It is to this precise case that we confine the expression of our opinion."

It may be open to doubt as to whether the ruling in that case should be followed in construing our own statute, as there is a difference in the two statutes. However this may be, it is certain that the Massachusetts court has

found frequent occasion to note distinctions which are exceedingly narrow. For instance, in *Gulline* v. *City of Lowell*, 144 Mass. 491 (11 N. E. 723, 59 Am. Rep. 102), a child seven years of age, who was walking with his father on a plank footway upon a bridge which the city was bound to keep in repair, stepped aside to clasp in sport a post forming part of the bridge, and fell through a hole in the planking into the water and was drowned. It was held that he was a traveler, notwithstanding that at the very moment of the injury he was engaged in sport.

So it was held in *Bliss* v. *Inhabitants of South Hadley*, 145 Mass. 91 (13 N. E. 352, 1 Am. St. Rep. 441), that it was competent for the mother to send a child, one year and ten months old, into the street in charge of his brother, eight years old, for air and exercise, and that an injury occurring while they were standing watching other boys play, if occurring through the fault of the city, was actionable; the court saying that the fact that they stopped for a few moments to watch other boys at play was one of the natural and ordinary incidents of travel, and did not divest them of their rights as travelers.

In *McGarry* v. *Loomis*, 63 N. Y. 108 (20 Am. Rep. 510), it was said it is a proposition too plain for comment that it is not unlawful, wrongful, or negligent for children on the sidewalk to play. See, also, *McGuire* v. *Spence*, 91 N. Y. 306 (43 Am. Rep. 668).

In *Reed* v. *City of Madison*, 83 Wis. 171 (53 N. W. 547, 17 L. R. A. 733), the court, in applying a statute somewhat similar to the Massachusetts statute, said:

"It would seem to be reasonable that if the person injured, whether an infant or an adult, was, in a proper sense, traveling on the sidewalk, it should not be an objection to his recovery that at the same time he was indulging in play or pastime not inconsistent with his being a traveler also. A person passing from place to place on a sidewalk is a traveler thereon. He is going somewhere. It makes no difference whether it is for business, or for pleasure, or merely to gratify an idle curiosity."

In *City of Chicago* v. *Keefe*, 114 Ill. 222 (2 N. E. 267, 55 Am. Rep. 860), it was said by the court:

"In crowded cities, the use of the streets for pleasure, and sometimes even for the promotion of health, may be regarded as a public necessity. On like principle, why may they not be used by children in play and amusement, so long as the rights of others being on or passing along the street shall not be prejudiced thereby ? We can perceive no reason. Such use is certainly the universal custom, and the lawfulness of rolling hoops along streets, when not prohibited by ordinance, is impliedly conceded."

While we recognize that there may be methods of play which would constitute the street a mere *locus* for play, and not a place of travel in any sense of the word, as in *Jackson* v. *City of Greenville*, 72 Miss. 220 (16 South. 382, 27 L. R. A. 527, 48 Am. St. Rep. 553), yet if one may pursue travel on the street for business or pleasure, and if a child is protected who, while traveling, turns aside to engage temporarily in play, it would seem to be as clear that a child at play which *involves* travel over the way, but which is not in itself unlawful, is equally within the spirit of the law and protected. Cases are abundant that such use of the way is not unlawful. *Reed* v. *City of Madison* and *City of Chicago* v. *Keefe, supra.* If this is correctly held, as we think it is, it follows that the boy may be a traveler on the highway who is in fact traveling over it in a proper manner, although that traveling includes play or pastime. We think the circuit judge correctly ruled the question.

Numerous other questions are raised. As to the objections relating to the admission of testimony, the first and second questions discussed may well be determined upon the ground that the reason for moving to strike out the testimony was not sufficiently definite. More than this, we think the testimony was competent. The third and fourth relate to questions which were purely within the discretion of the circuit judge, and not reviewable.

It is urged that the instruction of the circuit judge upon

the subject of the care required of the plaintiff was misleading, for the reason that the judge left it to the jury to find that the degree of care required was such as boys of his age usually exercise, on the ground that this excluded from the jury the thought that this boy was a boy of unusual intelligence, and that the standard should have been that of the care which boys of his intelligence would use. We think this criticism is hypercritical. It does not appear that the attention of the circuit judge was called to this claim on the trial. But in one portion of the charge he did say, in defining what care was required of the plaintiff:

"It is a question for you to determine whether the plaintiff used such care as boys of his age and discretion usually exercise on like occasions, and such care and discretion as you think he ought to use in going along there."

We think the jury could not have been misled as to the view of the court.

In a single assignment of error, error is assigned upon the charge of the court as to the subject which covered the question of the right to recover and a statement as to the elements of damages. In the brief, appellant's counsel singles out a clause of the charge of the court, which is that, "in arriving at the amount of damages, you will take into consideration his earning powers, his ability to earn money, as to what extent, if any, it has been decreased,—that is, what he would be able to earn after he has arrived at the age when it is his duty to take care of himself,"—and, as we read the brief, two points appear to be made: *First*, that the instruction does not limit the recovery to damages suffered by reason of the diminished capacity to labor and earn money; and, *second*, that the evidence did not afford a basis upon which to rest the recovery. As to the first, we think a fair construction of the language limits recovery to damages sustained by reason of the diminished capacity to earn money. As to the second objection, we think the proof showing the incapacity for certain occupations because of physical injury

occasioned by the wrong of defendant is as full testimony as could well have been expected.

The defendant asked the court to submit to the jury a special question, which was:

"Was the sidewalk in question unsafe or unfit for travel October 14, 1901?"

The circuit judge did not submit this question, but, in lieu of that, substituted the question:

"Did the city, up to and including October 14, 1901, use ordinary care and diligence to keep the sidewalk in question in reasonable repair for reasonably safe and convenient public travel?"

The statute authorizes either party to demand the submission of pertinent and controlling questions to the jury. *Harrison* v. *Railroad Co.*, 79 Mich. 409 (44 N. W. 1034, 7 L. R. A. 623, 19 Am. St. Rep. 180); *Sherwood* v. *Railroad Co.*, 82 Mich. 379 (46 N. W. 773). The question propounded in this case was one the answer to which, if in the negative, would have controlled the general verdict, and should have been given. The question substituted by the circuit judge was essentially different. We are of opinion that the refusal to submit the question propounded was damaging error.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.