JABLONSKI *v.* CITY OF BAY CITY.

1. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—LIABILITY STATUTORY.

Liability of city for injuries caused by defects in streets is purely statutory; such liability being predicated under 1 Comp. Laws 1915, § 4584 *et seq.,* on failure of city to keep its streets "in reasonable repair, and in condition reasonably safe and fit for travel."

As to liability of municipal corporation for permitting obstruction to be placed in street, see annotation in 19 L. R. A. (N. S.) 507; 49 L. R. A. (N. S.) 844; 22 A. L. R. 1495.

As to liability of municipality for injury on parking strip between sidewalk and curb, see annotation in 59 A. L. R. 387.

2. SAME—PARTS OF HIGHWAY DEVOTED TO SIDEWALKS, ETC., WITHIN
CITY'S DISCRETION.

> City has right to determine, in its discretion and beyond judi-
> cial review, what part of nominal highway shall be devoted
> to various purposes of travel, to locate road for vehicular
> traffic, and portions for sidewalks, gutters, parkways, and
> other suitable uses.

3. SAME—CITY HAS DUTY TO KEEP WHOLE HIGHWAY REASONABLY
SAFE FOR TRAVEL.

> City may not, by mere provision of suitable passageways for
> pedestrians, maintain dangerous and unreasonable obstruc-
> tions or conditions in street at places where people may
> reasonably be expected to go, but it has duty in well-traveled
> districts to keep whole highway reasonably safe for travel.

4. SAME—PEDESTRIAN CROSSING GRASS PLAT NOT GUILTY OF NEG-
LIGENCE PER SE.

> Pedestrian's departure from sidewalk or provided path is not
> negligence *per se,* nor does it relieve city of duty to keep its
> streets in proper condition for travel at places where people
> may reasonably be expected to walk, since it must take into
> account natural inclination of children to run about in play,
> and perverse insistence of adults to cut corners and cross
> streets and grass plats instead of following beaten or pro-
> vided path.

5. SAME—PEDESTRIAN NOT TRESPASSER IN GOING ON GRASS PLAT.

> In going upon ornamental grass plat between sidewalk and
> curb line, pedestrian is not trespasser, since that ground is as
> much part of street as any other ground within its limits.

6. SAME—GUARDS PLACED TO PROTECT GRASS PLAT MUST NOT BE
DANGEROUS.

> While right to guard grass plats between sidewalk and curb
> from traffic exists, guards employed for such purpose must
> not be dangerous to travelers, and only those of such char-
> acter and so placed that city will continue to perform its
> statutory duty (1 Comp. Laws 1915, § 4584 *et seq.*) to keep
> street in reasonably safe condition for travel are permissible.

7. SAME—DECLARATION—SUFFICIENCY.

> Declaration in action against city for personal injuries caused
> when plaintiff caught his foot in low wire fence placed
> along edge of sidewalk to protect grass plat from

traffic, alleging that city officers had notice of condition of street and reasonable time to remedy condition, and charging negligence, *held*, to state cause of action under 1 Comp. Laws 1915, § 4584 *et seq.*

Error to Bay; Houghton (Samuel G.), J. Submitted June 4, 1929. (Docket No. 36, Calendar No. 34,347.) Decided October 7, 1929.

Case by Stanley Jablonski against the city of Bay City, a municipal corporation, for personal injuries. Judgment for defendant on a motion to dismiss. Plaintiff brings error. Reversed.

*Frank C. Patterson,* for plaintiff.

*A. H. McMillan,* for defendant.

FEAD, J. As far as material here, plaintiff's declaration, in substance, alleges that on November 22, 1928, the corner of Michigan avenue and Twenty-sixth street, in the city of Bay City, was a business center; between the 5-foot cement sidewalk on the east side of Michigan avenue, south of Twenty-sixth street, and the paved roadway was a 15-foot parkway; for some eight months prior to above date, for a distance of about 30 feet, beginning about 32 feet south of the corner of Twenty-sixth street, there had been placed and allowed to remain along the west edge of the sidewalk and over a portion of it a strong, inconspicuous, braided metal wire, fastened to stakes 5 inches high and 12 feet apart, the wire being suspended about 4 inches high at the north stake and sagging and resting on the sidewalk between the north and the next stake south; the city officers had notice and knowledge and reasonable time to remove the wire or remedy the con-

dition; plaintiff, using due care, walked from the pavement across the parkway, diagonally northeasterly, placed his left foot on the sidewalk at a point about 2 feet south of the north end of the wire, caught his right foot in the wire, was thrown to the walk and severely injured; the wire was practically invisible because of a light fall of snow. The declaration further fully charged negligence, injury, and damages.

On motion to dismiss, in the nature of demurrer, the court held that the declaration did not state a cause of action, as the city had provided a safe place for pedestrians to walk and the wire was not such a defect in the street as rendered it unsafe for travel.

The liability of a city for injuries caused by defects in its streets is purely statutory. The statute, 1 Comp. Laws 1915, § 4584 *et seq.*, predicates such liability on the failure of the city to keep its streets "in reasonable repair, and in condition reasonably safe and fit for travel."

This does not require that all parts of a country road, even within corporate limits, shall be prepared for travel. *Keyes* v. *Village of Marcellus,* 50 Mich. 439 (45 Am. Rep. 52). And it undoubtedly is the right of a city to determine, in its discretion and beyond judicial review, what part of a nominal highway shall be devoted to the various purposes of travel, to locate the road for vehicular traffic, and the portions for sidewalks, gutters, parkways, and other suitable uses. *McArthur* v. *City of Saginaw,* 58 Mich. 357 (55 Am. Rep. 687).

But the city cannot lawfully, by the mere provision of suitable passageways for pedestrians, maintain dangerous and unreasonable obstructions or conditions in the street at places where people may reasonably be expected to go. It has the duty, in a

well-traveled district, to keep the whole highway reasonably safe for travel. *Lincoln* v. *City of Detroit,* 101 Mich. 245. It cannot confine its citizens in a traffic groove. It must take into account the natural inclination of children to run about in play and the perverse insistence of adults to cut corners and cross streets and grass plats instead of following precisely the beaten or provided path. Such departure from the sidewalk is not negligence *per se* in the individual, nor does it relieve the city of the duty to keep its streets in proper condition for travel at the places where people may reasonably be expected probably to walk. *Lincoln* v. *City of Detroit, supra; Baker* v. *City of Grand Rapids,* 111 Mich. 447; *Finch* v. *Village of Bangor,* 133 Mich. 149. In all of these cases pedestrians were injured when off the side or crosswalks.

There is nothing in the declaration which indicates that plaintiff did not have the right to cross the parkway. In *Johnson* v. *City of Bay City,* 164 Mich. 251 (Ann. Cas. 1912 B, 866), the court said:

"In going upon the ornamental grass plat, between the sidewalk and the curb line, plaintiff was not a trespasser. That ground is as much a part of the street as any other ground within its limits, and no citizen could be guilty of trespass in going upon or over it."

The language in *Miller* v. *City of Detroit,* 156 Mich. 630 (132 Am. St. Rep. 537), that the statutory duty of the city extends only to the "physical highway," does not mean that the city is liable only for defects in the bed of the road. In that case it was recognized that the duty exists to remove dangerous obstructions from a highway upon the theory that they constitute defects in the surface. A pile of

sheet steel resting on edge on the sidewalk in a manner dangerous to pedestrians is an actionable defect in the walk. *Brown* v. *City of St. Johns,* 187 Mich. 641. A wire strung dangerously across a walk or wherever it may reasonably be expected that pedestrians would travel would be such a defect because the street then would not be in a condition reasonably safe and fit for travel.

The declaration alleges no reason or excuse for the wire nor statement of its purpose nor reason why plaintiff was not entitled to cross the parkway as and where he did. Defendant, however, calls attention to an ordinance of the city, permitting abutting residence owners to beautify the space between the sidewalk and curb, suggests that the parkway was constructed in pursuance of the ordinance, and urges that the wire was intended as and was a lawful and proper protection to the grass plat from pedestrians. Overlooking the valid objection that these claims do not appear in the declaration and accepting the stated facts as true, it still does not appear that defendant's contention of nonliability is sound.

The right to guard grass plats from traffic is undoubted and conceded. But, as the city must anticipate that pedestrians will cross the parkways, the guards employed must not be dangerous to travelers. Only those of such character and so placed that the city will continue to perform its statutory duty to keep the street in a reasonably safe condition for travel are permissible. The essential question is whether the guard is a reasonable one. The wire as described in the declaration, by reason of its original height or lack of height, its sagging, its position, its low visibility, especially in winter, may fairly be considered not a reasonably safe guard but a dangerous trap to pedestrians; and the question of whether

it was a proper guard or a dangerous instrumentality resulting in a breach of the statutory duty of the city would be for a jury. We think the declaration states a cause of action.

We have no case precisely in point in this State, but the question has come before other courts, and the conclusion we have reached is sustained by the almost unanimous weight of authority. The cases in point and numerous analogous ones are digested in a note in 59 A. L. R. at pp. 387, 394.

Judgment dismissing the declaration is reversed, with costs, the cause remanded to the circuit court, and defendant will have 15 days after remand to plead

NORTH, C. J., and WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.