# STATE OF MICHIGAN

# COURT OF APPEALS

ALLAN CECILE,

        Plaintiff-Appellant,

v

XIAOLI WANG,

        Defendant-Appellee,

and

PROGRESSIVE MARATHON INSURANCE
COMPANY,

        Defendant.

UNPUBLISHED
June 14, 2018

No.  336881
Wayne Circuit Court
LC No.  15-002018-NI

Before:  SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendant, Xiaoli Wang, pursuant to MCR 2.116(C)(10) in this automobile negligence case.[1]  On appeal, plaintiff argues that the trial court erred in granting summary disposition to defendant on the ground that there was no genuine issue of material fact regarding whether defendant was more than 50% at fault in causing the accident in which plaintiff was injured.  We affirm.

Plaintiff argues that the trial court erred in granting summary disposition to defendant. We disagree.  A trial court's decision on a motion for summary disposition is reviewed de novo. *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 487; 892 NW2d 467 (2016).

---

[1] We will refer to Wang as "defendant" because the other defendant in this case, Progressive Marathon Insurance Company (against whom plaintiff asserted a claim for uninsured or underinsured motorist benefits) was dismissed by stipulation of the parties and is not involved in this appeal.

-1-

In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Id*. at 488 (quotation marks and citations omitted).]

The elements of negligence are: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). A motor vehicle operator owes a duty to pedestrians to exercise due care. *Poe v Detroit*, 179 Mich App 564, 571; 446 NW2d 523 (1989). A motor vehicle operator may not operate a vehicle "at a speed greater than that which will permit a stop within the assured, clear distance ahead." MCL 257.627(1). By the same token, a pedestrian "must take such care for his own safety as a reasonable, careful, prudent person would do under similar circumstances." *Malone v Vining*, 313 Mich 315, 321; 21 NW2d 144 (1946) (quotation marks and citation omitted). Before crossing a road, a pedestrian must observe oncoming traffic and form a judgment concerning the distance and speed of approaching vehicles, and the pedestrian must continue his observations while crossing the street. *Id*. The fact that a pedestrian crosses a road outside of a crosswalk is pertinent to the issue of comparative negligence. *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130, 136 n 5; 523 NW2d 791 (1994), amended on other grounds 451 Mich 1236 (1996).

In an automobile negligence action such as this, "damages shall not be assessed in favor of a party who is more than 50% at fault." MCL 500.3135(2)(b). The relative negligence of the parties is ordinarily a question for the trier of fact. *Poch v Anderson*, 229 Mich App 40, 51; 580 NW2d 456 (1998). However, if no reasonable juror could find that the defendant was more at fault than the plaintiff in an accident, then a plaintiff's comparative negligence may be considered at the summary disposition stage. *Huggins v Scripter*, 469 Mich 898, 898-899; 669 NW2d 813 (2003). In *Huggins*, our Supreme Court held in a peremptory order that the defendant was entitled to summary disposition in an automobile negligence case in light of the comparative negligence of the plaintiff's decedent. *Id*. at 898-899.[2] The Court explained:

Assuming arguendo defendant's conduct of taking his eyes off the road to look at his watch while traveling under the posted speed limit was negligent, no reasonable juror could find that defendant was more at fault than the [plaintiff's] decedent in the accident . . . . The evidence presented shows that [the plaintiff's decedent] was crouching or kneeling in the middle of an unlit rural road in the

---

[2] An order of our Supreme Court is binding precedent if it can be understood. *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 196; 650 NW2d 364 (2002).

middle of the night, just beyond the crest of a hill, wearing dark colored clothing at the time he was struck by defendant's automobile. Tests performed by a police accident reconstruction expert revealed that no driver would have enough time to avoid the collision, given the decedent's location just beyond the crest of the hill. There being no genuine issue as to any material fact, defendant is entitled to judgment as a matter of law. MCR 2.116(C)(10). [*Id.*]

In this case, no reasonable trier of fact could conclude that defendant was negligent and that she was more at fault for the accident than plaintiff.[3] The accident occurred on Michigan Avenue, a busy five-lane road, during evening rush hour traffic on December 18, 2014. Plaintiff, who was employed by two car dealerships across the street from each other on Michigan Avenue, was attempting to cross the road from one dealership to the other. The traffic was heavily congested and moving at only 10 to 15 miles an hour. Plaintiff did not use the crosswalk that was available at the nearby intersection with Oakwood Boulevard. He was standing in the center turn lane when he was struck by defendant's vehicle. The only independent witness, Joanne Hofner, testified that it was dark, rainy, and sleety. Hofner, who believes she was two vehicles ahead of defendant's vehicle in the inner eastbound lane closest to the center lane, did not see plaintiff until she passed him. Hofner felt distraught and scared when she passed plaintiff because it was so dark and rainy and she wondered what he was doing standing in the middle of the turn lane. After she passed plaintiff, Hofner saw headlights that she assumed were from defendant's vehicle pull into the center lane and then heard but did not see the accident. Hofner did not think there was anything defendant could have done to avoid the accident.

Plaintiff testified that he had no memory of the accident itself. He remembered approaching the street and that the traffic was bumper to bumper, but that was the last thing he could recall. Plaintiff indicated in his deposition that he did not recall the weather conditions or whether it was light or dark out. Plaintiff admitted that he regularly crossed the road at this location and that he never used the crosswalk when going back and forth between the dealerships. In an affidavit appended to his response to the summary disposition motion, plaintiff averred that the location where he crossed the street was well lighted by the car dealerships and the headlights of the vehicles on the road.

It is clear from this evidence that no reasonable juror could find that defendant was more at fault for the accident than plaintiff. Plaintiff chose not to use the nearby crosswalk, which is relevant to the issue of comparative negligence. See *Mason*, 447 Mich at 136 n 5. He instead crossed away from the crosswalk on a five-lane road that was by his own admission congested with rush-hour traffic. Hofner's testimony established that it was dark, rainy, and sleety. Hofner did not see plaintiff in the center lane until he was right next to her vehicle, which startled her, and she indicated that there was nothing defendant could have done to avoid striking plaintiff.

---

[3] There is no claim that anyone other than plaintiff or defendant was negligent. Therefore, if defendant is less than 50% at fault, it follows that plaintiff was more than 50% at fault such that he is barred from recovering damages pursuant to MCL 500.3135(2)(b).

The trial court properly declined to consider plaintiff's affidavit averring that the area was well lighted because this contradicted plaintiff's deposition testimony that he did not recall whether it was light or dark out. A party may not contrive a factual issue merely by filing an affidavit that contradicts that party's damaging deposition testimony. *Dykes v William Beaumont Hosp*, 246 Mich App 471, 480; 633 NW2d 440 (2001). Plaintiff suggests on appeal that his affidavit did not contradict his deposition testimony because an area may be well lighted when it is dark out. But plaintiff testified in his deposition that he could not remember whether it was light or dark out; it thus makes no sense for him to assert in an affidavit that he remembered that the area was well lighted by the car dealerships and the traffic because this implies that he remembers it being dark out but nonetheless well lighted. In any event, the generalized assertion regarding lighting in plaintiff's affidavit fails to establish whether or when a motorist such as defendant would have been able to see defendant standing in the center lane during rush hour on a five-lane road with the headlights of oncoming traffic facing drivers along with rain and sleet. There are simply no facts to establish that defendant did anything unreasonable such as speeding or failing to watch the road. The evidence affords no basis to conclude that defendant should have been able to see plaintiff in time to avoid hitting him. And to the extent that there is a ground to find negligence on the part of defendant, any such negligence is unquestionably less than that of plaintiff, who chose to jaywalk on a busy five-lane road rather than use a crosswalk during rush hour on a rainy, sleety mid-December evening.

Plaintiff's reliance on the affidavit of his purported expert in accident reconstruction, Sammie Hall, is misplaced. MRE 702 provides:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

See also MCL 600.2955(1) (requiring in an action for an injury to a person or property that the trial court determine that an expert scientific opinion is reliable and will assist the trier of fact, and setting forth various factors for the court to use in making its determination). MRE 702 requires a trial court to act as a gatekeeper to ensure that proposed expert testimony is reliable. *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 782; 685 NW2d 391 (2004). The proponent of expert testimony is required to show that the expert opinion rests on data viewed as legitimate in a particular area of expertise and "that any opinion based on those data expresses conclusions reached through reliable principles and methodology." *Id*.

"[T]here is no requirement that an expert's qualifications and methods be incorporated into an affidavit submitted in support of, or opposition to, a motion for summary disposition. Rather, the *content* of the affidavits must be admissible in *substance*, not form." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). "Summary

disposition is not precluded simply because a party has produced an expert to support its position.  The expert's opinion must be admissible. . . .  The facts and data upon which the expert relies in formulating an opinion must be reliable." *Amorello v Monsanto Corp*, 186 Mich App 324, 331-332; 463 NW2d 487 (1990).

Although Hall's curriculum vitae purporting to establish his qualification as an expert in accident reconstruction was not attached to his affidavit that was appended to plaintiff's response to the summary disposition motion, *Dextrom* arguably suggests this is not required.  But even if Hall is qualified to testify as an accident reconstruction expert, the trial court properly concluded that the substance of Hall's proposed testimony as set forth in his affidavit was inadmissible. Hall's opinion was speculative because it was premised on facts that have not been established. Hall purported to apply certain principles regarding "[p]erception-reaction time" to this case in order to conclude that defendant should have seen plaintiff in time to stop before striking him. Hall asserted that a driver traveling at 15 miles an hour would need 44 feet to stop upon encountering an unexpected obstacle in the roadway and that the headlights of a motor vehicle will illuminate the roadway in front of the vehicle in excess of 44 feet.  Therefore, Hall opined, plaintiff would have been visible in the roadway for a sufficient period of time that a driver traveling 15 miles an hour could have seen him and stopped before hitting him.  From this Hall deduced that defendant failed to pay full attention to her operation of the vehicle and was thus negligent.  Hall's opinion is implicitly premised on the assumption that defendant's vehicle was traveling directly in front of plaintiff for the required distance without any obstruction in defendant's line of sight.  But the facts in evidence afford no basis for this assumption.  The undisputed testimony is that it was a rainy, sleety evening with bumper to bumper traffic on this five-lane road.  There is no evidence that defendant entered the turn lane when she was more than 44 feet away from plaintiff or that plaintiff was visible to defendant at a distance of 44 feet. Hall's opinion fails to account for the rainy and sleety conditions or the heavy rush-hour traffic and oncoming headlights.  Hall's opinion is thus premised on speculation and fails to demonstrate a genuine issue of material fact in support of plaintiff's negligence claim.  See *Libralter Plastics, Inc*, 199 Mich App at 486; *Amorello*, 186 Mich App at 331-332.

Affirmed.  Defendant is entitled to costs as the prevailing party.  MCR 7.219(A).

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-5-